### ERROR PROCEEDINGS FROM THE PROBATE COURT.

Circuit Court of Cuyahoga County.

BERTINE ROBINSON PALMER v. ANNIE J. M. ROBINSON, AS
EXECUTRIX OF THE LAST WILL OF WILLIAM
ROBINSON, DECEASED.

Decided, February 23, 1903.

*Practice—Common Pleas Court Can Not Reverse Probate Court in
Error Proceedings where no Bill of Exceptions is Filed—Probate
Court Without Power to Require Deposit of Special Fund with
Court.*

1. Where error is prosecuted from an order of the probate court to the
   common pleas, but no bill of exceptions is filed showing upon what
   evidence the probate court acted, it will be presumed that it acted
   upon proper evidence, and it is error for the common pleas court
   to reverse the order of probate court.

2. The probate court is without power upon the final settlement of an
   estate to order the deposit of a certain amount of money in the
   name of the court to await the outcome of an attempt to collect
   a note from the distributee.

*A. W. Mayer* and *B. Pearce,* for plaintiff in error.
*W. C. Rogers,* contra.

MARVIN, J.; WINCH. J., and HALE, concur.

The defendant in error is the executrix of the last will and
testament of William Robinson, deceased, and is also the widow
of said deceased.

The plaintiff in error is a daughter of said defendant and,
with her, is the only devisee and legatee under the will of said
deceased.

Said executrix on the 15th day of October, 1901, filed, in the
probate court of this county, the court in which the estate of
said deceased was being settled under the will, what purports to
be a final account of the administration of the estate of the de-
ceased. On the 1st day of November, 1901, exceptions to this
account were filed by the plaintiff in error. In said account the
executrix charges herself with having received on account of

said estate as follows: "Received from sale of land of deceased, $5,055.00. Received from collection from distributive share, note of Bertine Robinson Dietrich, $511.50." Among the credits which the executrix claims in said account is one which reads as follows: Paid allowance to widow, judgment and interest, $1,950."

The exceptions filed to this account specify as one of the items excepted to, the item of $511.50 charged by the executrix to herself as a collection from distributive share, note of Bertine Robinson Dietrich. It should be said that Bertine Robinson Dietrich is the same person as Bertine Robinson Palmer.

Exception is further taken to the credit in the account hereinbefore quoted of "Year's allowance to widow, judgment and interest, $1,950." Other items are excepted to.

A hearing was had in the probate court upon this account and the exceptions in reference thereto.

The present defendant in error brought proceedings in error in the court of common pleas to reverse the judgment of the probate court. The probate court sustained the exceptions to the item of $511.50, both as to its being charged to the executrix and being taken from the portion to be distributed to the plaintiff in error. The court of common pleas reversed the probate court in *this* regard. There was no bill of exceptions filed in the court of common pleas, showing upon what evidence the probate court acted in making its order; and, without some evidence, it is difficult to understand how the court of common pleas determined whether or not there was error in the order made by the probate court. As a part of the transcript filed in the court of common pleas, there is a copy of the will of the deceased. By the terms of that will, certain real estate named is bequeathed to the widow of the deceased for the period of her natural life, and, at her death, said real estate is devised in fee to Bertine Robinson Palmer.

It is said in argument that the money with which the executrix charged herself as having received from the sale of lands, is the avails of the sale of *this* real estate thus bequeathed and devised...Without some evidence on the subject we do not know how that fact is found, though it is probably true, as there is a

credit taken by the executrix for the sum of $1,085.09 as the value of *her* life-estate in the real estate sold. No exception was taken to *this,* and we presume that there was *some* evidence before the probate court which disclosed *some* arrangement between the plaintiff in error and the defendant in error by which the value of this life estate was ascertained.

Looking to the will alone, we are unable to see how the plaintiff in error was entitled to any distribution during the lifetime of the widow—and the court of common pleas had only this will before it as evidence.

Attention is called to this because unless there is some distributive portion to go to the plaintiff in error, we fail to see how she could have been prejudiced by a charge being made by the executrix of this $511.50; but the common pleas court found that there was error in this behalf. Since neither the court of common pleas nor this court can know upon what evidence the probate court acted in making such order, the presumption is that there was some evidence introduced justifying the order made by the probate court, and it was, therefore, error for the court of common pleas to reverse such order of the probate court.

As to the item of $1,950 claimed for the year's support and interest, we are equally in the dark as to the evidence upon which the probate court acted.

We learn from the transcript that a certain amount was allowed by the appraisers to the widow for such year's support; that upon exceptions to the allowance made by the appraisers, the probate court fixed the allowance for the widow, at $1,400. Whether such allowance should draw interest up to the time when it was paid would depend on facts which were not disclosed to the court of common pleas by the record and are, therefore, not disclosed to us; and it must therefore, be presumed that such a state of facts was disclosed before the probate court as justified the order made by that court which was that the widow should be allowed interest on said $1,400 for the period of two years and no more. Certainly a state of facts may exist which would justify this order.

If the widow, being herself executrix, was negligent in the performance of her duties, either in converting real estate into money or in any way whereby she was responsible for the non-payment of this sum at a time earlier than it was paid, she should not profit by it by having interest upon it.  If for two years of the time that elapsed between the time when the amount of this allowance was fixed by the probate court and the time when by proper diligence on her part it would have been paid; or, in any event, if two years elapsed after the expiration of one year from the giving of her bond during which two years there was no money to pay this allowance, and such want of money was, in no way, chargeable to her negligence, and then it would seem proper that an allowance should be made for two years, and if the rest of the time that elapsed before the payment was due to negligence on her part, it would certainly .be an injustice to this estate to allow her interest for that delay in payment caused by her own negligent administration.   In short, there are facts which may have existed, entirely justifying the order of the probate court.   Those facts not being brought before the court of common pleas, that court erred in reversing the probate court in that regard.

A further order, however, was made by the probate court that "the sum of $350 out of any distributive share of said Palmer be, and is ordered to be, reserved and to remain in the registry of this probate court undistributed, subject to the order of the probate court, and to be deposited in the name of the probate judge, on interest, and to abide any recovery against said Palmer on said claim or note or to be ordered distributed to her with interest at the end of one year if no account is taken thereon or recovery had."

This order was reversed by the court of common pleas and, we think, properly so.   We know of no authority of law by which the probate court had any jurisdiction to order such deposit of money to be made.

It is the order of this court, therefore, that the judgment of the court of common pleas be affirmed in so far as it reverses the judgment of the probate court as to the deposit of this $350. In all other respects the judgment of the court of common pleas is reversed and that of the probate court affirmed.