UNGER, Exr. v. ATKINSON.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8863. Decided Mar. 12, 1928.

Syllabus by Editorial Staff.

573. GIFTS.

After donor has made gift, and delivered property in conformity therewith, donee becomes vested with title to such property, and same solemnity of conduct as characterized gift in first place, would be required on part of donee in order to revest title in donor.

Error to Municipal Court.

Judgment affirmed.

J. H. Collins, Cleveland, for Unger.
H. J. Hollander, Cleveland, for Atkinson.

STATEMENT OF FACTS.

This proceeding is an action in replevin and is here on error from the Municipal Court of the City of Cleveland. The plaintiff below, Rebecca Atkinson, defendant in error here, began a suit against The Huron Road Hospital for the recovery of two rings, one a canary diamond ring and the other, an opal and diamond ring. The court below, after hearing the evidence, issued the writ and because of this ruling error is claimed.

It appears from an examination of the record that the decedent Walter Hurd, had tender relations with the plaintiff below and proceedings for divorce had been instituted, based upon an engagement to marry, after a considerable period of time had elapsed during which there was more or less affectionate relationship between the two. The decedent was a widower and the plaintiff was the mother of children, but undivorced, and had not been living with her husband for some time and under

conditions it is plain that an intimate relationship with marriage in view, commenced between these two people.

In the presence of two disinterested witnesses, it is clear from the record that the decedent, who was the owner of these rings, gave them to his affianced, and at the time of the gift, and in the presence of these people, delivered these two rings to her, and the intention of the decedent is emphasized by what appears in the record to be credible evidence that when one of the witnesses wanted to buy one of the rings, that the decedent stated that it was not his property any longer but belonged to "Bess," as he was in the habit of calling the plaintiff below. Later on it appears that, inasmuch as one of the rings at least did not fit the finger of the plaintiff, he accompanied her to a jewelry store in Cleveland, and both of them gave directions to have the ring changed so as to fit her finger, and authority was left with the jewelers, by the decedent, that when the ring was changed it should be turned over to the plaintiff which was done by the jeweler, and at the time of this transaction she had on her finger the other ring, which had been given to her by the decedent in the presence of the aforesaid two witnesses who seemed to be disinterested in the transaction. For some considerable time the plaintiff wore these rings, but in the meantime the decedent became sick and was taken to The Huron Road Hospital and before he came there the rings came back into his custody, but we think merely for the purpose of holding them temporarily, either for some reason in respect to the change in the measure of the rings or for some other purpose, but it appears to be clear that his intent was not for the purpose of revoking the gift, because it appears in the record that the plaintiff was only too willing, on account of the impending sickness and possible demise, should the decedent desire, to revoke the gift, but there is no evidence in the record upon which we can rely to show that he ever intended to make such revocation.

SULLIVAN, PJ.

It is our judgment that the court below was correct in his view of the case after having heard the witnesses and observed their conduct during the trial.

We think our view of the record is in accordance with Flanders v. Blandy, 45 OS. 108, 113, that the record does not show that there was any intention of retaining control and custody after the gift, whether made in the presence of the parties as above set forth, and instead of that authority being against our views, we think it is in favor of affirming the judgment of the court below.

We have the same view in reference to the other authorities cited, as follows: O'Brien v. O'Brien, 112 OS. 202, 206; Ambler v. Boone, 3 OA. 87; 34 O.C.C. 512; Stark v. Kelly, 113 S.W. 498; 132 Ky. 376.

We are well aware that in cases like the one at bar, that great caution should be taken to scrutinize the record to ascertain whether there was fraud to deprive the owner of the property upon his death of what might belong to his estate, and we have endeavored to follow the rule, in our interpretation of the record, as laid down in the Flanders case, supra.

In the consideration of this case it is well to keep in mind that after the decedent made a gift of the rings and delivered the same in conformity with the gift to the plaintiff, that she became vested with the title to the property, and it would take the same solemnity of conduct as characterized the gift in the first place on the part of the plaintiff, in order to pass title to the decedent. The evidence is lacking in conduct of this character.

It is our judgment that the judgment of the court below should be, and the same is hereby affirmed.

Vickery, J., concurs.

(Levine, J., not sitting.)